## (December 13, 1960)

■ HARLEM SAVINGS BANK, Plaintiff, v. ZARA MARCHANT, Appellant, and MAX CHOPNICK et al., Respondents, et al., Defendants.

APPEAL (1) from an order of the Supreme Court at Special Term, entered June 28, 1960, which denied a motion by appellant for summary judgment and granted a cross motion by respondents for summary judgment, and award a sum of money to respondents and (2) from the judgment entered thereon.

MEMORANDUM BY THE COURT. Order and judgment (one paper) modified on the law and on the facts to the extent of deleting therefrom the second, third and fourth decretal paragraphs and denying the cross motion for summary judgment, with $10 costs, and otherwise affirmed, with costs to abide the event. It is the contention of the appellant that the three documents comprising the agreement as to fees spell out a contingent arrangement only. It is urged that whatever obligation arose with respect to the payment of fees was not absolute, but was contingent upon rent being collected. Furthermore, it is the appellant's position that the acceleration provision upon a sale of the property referred only to a sale of the premises during an actual tenancy. The respondents, on the other hand, take the position that there was nothing contingent with respect to the obligation to pay the fees they claim they earned; that while such fees were to be paid out of rents collected, the amount due was absolute and the balance of the full amount above what was received from rent collections was to be paid upon a sale of the property no matter when such sale took place. The issues thus raised cannot be resolved through an examination of the documents alone nor can it be said that the affidavits of either side establish the position of either party so clearly that we can say that there is no issue to be tried. While the documents provide for the acceleration of payment of " the

remaining sums payable " upon a sale of the property, they are silent as to whether that provision was to become effective regardless of whether there was a lease and a paying tenant in existence at the time of the sale. The property having been sold at a time when there was no tenant in the premises and after it had been untenanted for a period of about two years and before January 31, 1965 — the termination date of the lease negotiated by the respondents — it cannot be determined from the documents alone what the rights of the respective parties are. Accordingly, it would be best, and indeed necessary, to have testimony taken to enable the court to make a finding with respect to the intention of the parties.

EAGER, J. (dissenting). I dissent insofar as this court would affirm that part of the order and judgment denying the motion of defendant Zara Marchant for summary judgment, and I would grant her motion and dismiss the cross complaint. In my opinion, there are no triable issues. It is clear from the writings constituting the agreement that this was a contingent fee arrangement. The agreement was not, as alleged by cross complainants, one for an unconditional payment of a sum certain, to wit, $44,275 for legal services rendered by them. On the contrary, the agreement was one for the payment of a contingent fee on a percentage basis out of the rent increases resulting from the services of the cross complainants. Plainly, as evidenced by the writings constituting the agreement, the fee was to be paid by the defendant owner or her successors in title out of the rents received until January 31, 1965 from the tenant Acweltone Corporation or from a successor tenant. It appears that, without breach or fault on the part of the defendant, the lease with Acweltone Corporation was terminated on August 5, 1957 and that the defendant duly paid to cross complainants the agreed upon percentage of rents received from said tenant. It further appears that the defendant, as owner, not being able to rerent the premises, sold and conveyed the same about two years after the termination of the Acweltone lease.

Under the circumstances, the defendant has not in any way been guilty of a breach of the conditions of the agreement with the cross complainants; and there is no claim here that she did in any way proceed fraudulently or in bad faith in order to frustrate the contract rights of the cross complainants. Therefore, they have no cause of action against the defendant.

Botein, P. J., Rabin, Valente and McNally, JJ., concur in Memorandum by the court; Eager, J., dissents and votes to reverse, grant defendant-appellant Zara Marchant's motion for summary judgment, and dismiss the cross complaint in opinion.

Order and judgment modified on the law and on the facts, etc.